NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-1720

_____

FRED WILSON, Appellant

v.

SUPERINTENDENT OF SCI HUNTINGDON;
THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-09-cv-04797)
District Judge:  The Honorable John R. Padova

_____

ARGUED April 17, 2012

BEFORE:  SCIRICA, AMBRO, and NYGAARD, *Circuit Judges*

(Filed: May 16, 2012)

Adrian N. Roe, Esq. [Argued]
Suite 1331 Gulf Tower
707 Grant Street
Pittsburgh, PA  15219

Carolyn Slayton, Law Student [Argued]
Nathan Ward, Law Student [Argued]
Duquesne University School of Law
600 Forbes Avenue
Pittsburgh, PA  15282

     *Counsel for Appellant*

Susan E. Affronti, Esq. [Argued]
Philadelphia County Office of the District Attorney
3 South Penn Square
Philadelphia, PA 19107

*Counsel for Appellees*

_____

OPINION OF THE COURT

_____

NYGAARD, *Circuit Judge*

Consistent with our certificate of appealability, Appellant Fred Wilson claims that the admission of certain statements of his co-defendant violated his Confrontation Clause rights. For the reasons that follow, we will affirm the District Court's denial of Wilson's petition for a Writ of Habeas Corpus.[1]

I.

A jury in the Court of Common Pleas of Philadelphia County found Fred Wilson guilty of first degree murder, robbery, and conspiracy based on the shooting death of Benjamin Milla. The facts of the conviction stemmed from a robbery and shooting allegedly involving Wilson, Johnell Haines, and a third man whose identity is unknown. Wilson was tried jointly with Haines. Wilson was eligible for the death penalty, but was ultimately sentenced to life imprisonment.

Wilson appealed the decision to the Pennsylvania Superior Court, arguing that his Confrontation Clause rights under *Bruton v. United States*, 391 U.S. 123, 126 (1968), were violated. In its opinion addressing the issues, the Trial Court concluded that

---

[1] The Court expresses its gratitude to the Duquesne University School of Law students and professors for their able pro bono representation of the Appellant in this matter.

Wilson's *Bruton* claim was meritorious in light of the then-recent Supreme Court decision in *Gray v. Maryland*, 523 U.S. 185 (1998), which had been decided after Wilson's trial. Accordingly, the Trial Court concluded that Wilson should be granted a new trial. The Pennsylvania Superior Court disagreed. It held that *Gray* did not affect the outcome of Wilson's case and affirmed the judgment of sentence. The Pennsylvania Supreme Court denied allocatur.

Wilson then filed a petition under the Pennsylvania Post Conviction Relief Act ("PCRA") which did not reassert the *Bruton* claim. The PCRA Court dismissed the PCRA petition, and Wilson appealed. While his PCRA appeal was pending, Wilson filed a pro se habeas petition under 28 U.S.C. § 2254 in the District Court. The District Court dismissed the habeas petition without prejudice, allowing Wilson to complete his PCRA litigation. The Superior Court ultimately affirmed the PCRA Court, and the Supreme Court denied allocatur.

Wilson then filed the instant habeas petition. The Magistrate Judge recommended that one claim be dismissed as procedurally barred, and that the remaining claim be denied on the merits. After rejecting Wilson's objections, the District Court adopted the Magistrate Judge's recommendation. We granted Wilson a certificate of appealability on the question of whether his Confrontation Clause rights under *Bruton* were violated by the use of Haines' two redacted written confessions at trial.

## II.

We have jurisdiction over Wilson's appeal under 28 U.S.C. § 1291. Because the District Court's ruling in this case "relied exclusively on the state court record and did

3

not hold an evidentiary hearing on habeas review," our review is plenary. *Gibbs v. Frank*, 387 F.3d 268, 271 (3d Cir. 2004). "An application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . was contrary to, or involved an unreasonable application of clearly established Federal law, . . . [or] resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

## III.

Wilson was tried jointly with codefendant Haines, who provided various confessions to the police. After Haines was arrested in Indiana, Pennsylvania, he gave a videotaped confession as well as a written confession. Five days later, now in the custody of the Philadelphia police, Haines gave another written confession. All three statements were admitted into evidence at trial. In an effort to comply with *Bruton*, Haines' two written statements were redacted to replace explicit references to Wilson and the third man allegedly involved in the robbery with the terms "other guy," "other guys," or "them." The taped confession was also redacted. In place of explicit references to Wilson or the third participant, Haines' voice went silent on the tape.[2] The Trial Court read the jury a cautionary instruction during the trial and in the final instructions that

---

[2] Wilson's state court briefs only complained of Haines's two written confessions, and made no mention of the videotaped confession. As a result, the Magistrate Judge's Report explained that any potential *Bruton* claim tied to the taped confession would be unexhausted and procedurally defaulted. Because we agreed with the Magistrate Judge's cogent analysis, we declined to issue a certificate of appealability on issues pertaining to the videotaped confession.

4

Haines' statements were to be considered only as evidence against him and not against Wilson. In his habeas petition, Wilson asserts a violation of his Confrontation Clause rights under *Bruton* and seeks relief on those grounds. We will, however, put Wilson's argument aside. We assume, without deciding, that the admission of Haines' redacted confession was a violation of Wilson's Confrontation Clause rights. We nevertheless conclude that such an error was harmless.

IV.

On collateral review of a state court criminal judgment under 28 U.S.C. § 2254, "an error is harmless unless it had substantial and injurious effect or influence in determining the jury's verdict." *Fry v. Pliler*, 551 U.S. 112, 116 (2007) (internal quotation marks omitted). We conclude that the evidence introduced against Wilson satisfies the *Fry* standard.

Evidence established that Wilson had a business relationship with the victim. Wilson had repeatedly telephoned Milla's house the day of the murder. Further, the prosecution introduced Wilson's own statements to a police informant. Ricky Williams, a police informant, testified that a month after Milla's murder, he met with Wilson and Wilson told him that Milla was dead. Wilson then told Williams that

> he had gotten his crew together because [Milla] didn't want to
> pay him some money which they had a transaction of a check
> and that he went to [Milla]'s house and called on the phone
> and then his crew or whoever went in [Milla]'s house and had
> shot him in the leg or something like that.

Wilson was also recorded as admitting to entering Milla's house with his "squad" and that he "nailed" Milla because he had the money. This statement not only corroborated

5

the testimony of Milla's girlfriend that Wilson repeatedly telephoned, but also provided the jury with a basis to conclude that Wilson admitted to the crimes--Wilson "nailed" him.

In the face of this evidence against Wilson, and absent any evidence introduced to exonerate him, the admission of Haines' redacted statements and the subsequent reference to those statements as "redacted" did not have the required "substantial and injurious effect" on the fairness of Wilson's trial and conviction. *See, e.g., Fry, supra*; *Schneble v. Florida*, 405 U.S. 427, 430 (1972) (even under a more stringent standard for harmlessness, any error committed by admitting a codefendant's statement was harmless where defendant's confession and corroborating evidence more than adequately established guilt). Any impermissible inferences drawn about Wilson from Haines' redacted statements would merely have been cumulative of the evidence of Wilson's involvement and presence.

V.

Since any Confrontation Clause violations that may have occurred at Wilson's trial are harmless, we conclude that no state decision was "contrary to, or involved an unreasonable application of clearly established Federal law." 28 U.S.C. § 2254(d). Therefore, we will affirm the District Court's denial of Wilson's petition for a writ of habeas corpus.